## ST. LOUIS MAPLE & OAK FLOORING COMPANY, Respondent, v. W. C. KNOST, Appellant.

**St. Louis Court of Appeals. Argued and Submitted May 3, 1910. Opinion Filed May 17, 1910.**

1. **SALES: Instructions: Refusal: Issues Ignored.** In a suit against an individual on account of goods sold to a company, an instruction that plaintiff could not recover if it was agreed between plaintiffs and defendant's agents that the sale was to the company was properly refused, as ignoring the real issue whether defendant promised to pay for the goods.

2. ———: **Sale to Corporation: Liability of Agent.** That part of the goods was delivered to the company before defendant agreed to pay therefor did not release him from liability for the part delivered afterwards.

3. **CONTRACTS: Telephone Conversation.** A valid contract can be made by telephone conversation.

4. **SALES: Instructions: Modification: Failure to Define "Binding Contract."** In a suit against an individual on an account for goods sold a company, an instruction basing the recovery on a "binding contract" to buy was properly modified so as to base the recovery on plaintiff's reliance on a mutual agreement between plaintiff and defendant that if plaintiff would sell the goods defendant would pay for them. It would have been error to have told the jury they must find there was "a binding contract," without defining that term.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule,* Judge.

AFFIRMED.

*E. N. Robinson* and *S. C. Rogers* for appellant.

(1)   The court erred in overruling the defendant's demurrer to the evidence.   (a) Because there was no proof of delivery of any specific amount of the flooring. (b)   Because there was no proof of a specific price or of the reasonable value of the goods delivered.   Such proof is essential or the judgment will be reversed.   Rose v. Rubeling, 24 Mo. App. 369; Siegel v. Howard, 13 Mo. App. 588; Rottmann v. Pohlmann, 28 Mo. App. 399. (2)   The court erred in admitting improper evidence at the request of the plaintiff.   The court should not have permitted witnesses and counsel to refer to and read from or exhibit to the jury the card exhibit 1, and the invoices exhibits 2, 3, 4, 5, and 6, and the leaf from the ledger until delivery, agreed price, or reasonable value had been shown and until the dray tickets were produced or accounted for, since being made in the absence of defendant they were purely self serving and highly prejudicial.   The dray tickets being in the   possession   of plaintiff and they being important to sustain its case, and not producing them, the presumption is against it. Morrow v. Railroad, 123 S. W. 1034.   (3)   The court erred in admitting plaintiff's exhibit 1 and in permitting same to be inspected by the jury.   It was a card made for purely self-serving purposes, and does not correctly contain the amount of lumber alleged to have been delivered, as testified to by witness Smith, nor does it contain all of the arrangements so testified to by Smith. (4) The court erred in admitting plaintiff's exhibits 2, 3, 4, 5 and 6 and 7.   Exhibits 2, 3, 4, 5 and 6 were called invoices which plaintiff failed to show were shown to defendant or that defendant had any knowledge of with the single exception of 2, which Smith claims to have given defendant.   Exhibit 7 purports to be a page from defendant's records.   It should not have been admitted without the production of the holder and other sheets

claimed to have been so kept, that the defendant and the jury might compare and the jury pass on such fact. Drug Co. v. Grady, 57 Mo. App. 41. (5) The court erred in giving an improper instruction at the request of the plaintiff. Instruction No. 1 erroneously assumes that all the flooring sued for was delivered and assumes the price was either agreed on or reasonable without requiring the jury to find such as a fact, and in the latter part contradicts the former by requiring the jury to return a verdict for the balance unpaid, if any, thereby assuming there was at some time an amount due by defendant. (6) The court erred in refusing instructions offered by defendant. Instructions 1a and 2a correctly stated the law as shown by the evidence. Defendant's testimony was to the effect the flooring was for the Palace Amusement Company, and instruction 1a should have been given. Then, unless there was a meeting of the minds of the parties, an agreement to sell and deliver on the one part and an agreement to receive and pay for on the other, plaintiff could not recover, hence instruction 2a should have been given. By refusing to give each of them the theory of defendant's defense was not submitted to the jury and is fatal error. Galbreath v. Carnes, 91 Mo. App. 512; Shoe Co. v. Hilig, 70 Mo. App. 301; Link v. Westerman, 80 Mo. App. 592; Standfield v. Loan Assn., 53 Mo. App. 595; Evers v. Shumaker, 57 Mo. App. 454. (7) The court erred in modifying instruction offered by defendant. The instruction offered by defendant, 4a, while, possibly, not devoid of criticism, still it was error to so change it in its entirety and give it as it was given (No. 4), so that it was but a repetition of the only other instruction (No. 1) given in the case. (8) The court erred in overruling defendant's motion for a new trial; while this cause originated in a justice court on simple statement filed, the proof necessary is the same as if the cause had been filed in the circuit court with a petition containing necessary allegations; that is, first: That there was a contract at a

stated price; or, second: Assumpsit and the flooring was delivered and the price charged reasonable. These facts are absolutely essential to a recovery by plaintiff, but there was no such proof, hence there was a total failure of proof. R. S. 1899, sec. 798.

*Albert M. Brown* for respondent.

(1)   Where a corporation making a contract of its own, which therefore, had been entered into by its promoters in its name, and before it came into being, the promoters are not thereby relieved from the burden of their own contract.   Furniture Co. v. Crawford, 127 Mo. 356; Hunt v. Salisbury, 55 Mo. 312; Richardson v. Pitts, 71 Mo. 128; Smith v. Warden, 86 Mo. 399.   (2) Mere insufficiency of the evidence, in the opinion of the appellate court, is not sufficient to justify   reversal. Steube v. Iron & Foundry Co., 85 Mo. App. 640.   (3) A party on appeal must stand or fall by the theory on which he tried and submitted   his   case.   Walker   v. Owen, 79 Mo. 563.   (4)   Issues not raised in the trial court will not be considered on appeal.   Tomlison   v. Ellison, 104 Mo. 105; Hollman v. Lange, 143 Mo. 100. An objection that there was insufficient proof of a material fact cannot be first made on appeal.   Ringo v. Railroad, 91 Mo. 667; McCoy et al. v. Farmer et al., 65 Mo. 244.   Instructions to the jury should not be broader than the issues raised by the pleadings and evidence.   Bender v. Dunigan, 99 Mo. 126.

REYNOLDS, P. J.—This action was commenced before a justice of the peace, by filing an account against the defendant in which the balance claimed was $259.83 for lumber alleged to have been furnished and delivered to a corporation called the Palace Amusement Company, by the order and on the credit of the defendant. From a judgment against him in the justice's court, defendant appealed to the circuit court where the case was tried

before the court and a jury. There was evidence in the case tending to show that before the agreement to make the sale or before any of the lumber had been delivered, the manager of the plaintiff called up the defendant on the telephone and was told by him that he would personally pay for the lumber, the whole bill to amount to $459.83, and that on the strength of this promise and after plaintiff had satisfied itself of the financial responsibility of the defendant, the lumber was delivered at the place in St. Louis at which the Palace Amusement Company was erecting a skating rink, that being the superstructure into which the material went, the defendant being connected with that company. The Palace Amusement Company does not appear to have been organized as a corporation at the time the material was purchased. There was also evidence tending to prove that the lumber was of the value charged for, that being the agreed price, and that two hundred dollars had been paid on the account, leaving a balance of $259.83, the first payment on the two hundred dollars being made by personal check of the defendant for the sum of one hundred dollars. The manager of the plaintiff testified that he had personally seen to the delivery of the lumber at the lot and that dray tickets had been taken for each load. The dray tickets, however, were not produced at the trial.

On the part of the defendant there was testimony given by him to the effect that a conversation between himself and the manager of the plaintiff, at the inception of the transaction, had taken place over the telephone, and that he had given references to the manager of plaintiff as to his credit and standing, but he denied having, in that conversation, or at any time, personally undertaken to pay the bill, explaining that the one hundred dollars which he had paid by his own check was money in his hands which had been paid to him on account of the Palace Amusement Company by one of the organizers of that concern, but as it was not then organized no

bank account had been opened in its name. Briefly, there was evidence on part of plaintiff tending to prove that the lumber had been furnished; that the bill for it was correct; that it had been furnished on the credit and order of the defendant. On the part of defendant there was evidence directly contradicting all this matter, except as to the correctness of the bill and although defendant did not claim the lumber had not been delivered, it stood on its demand that plaintiff should prove its account and that the best proof of delivery was the dray tickets, which were not produced. It may be said in passing that no demand or notice for the production of these tickets appears to have been made or given prior to the trial in the circuit court; nor were they demanded or produced at the trial before the justice. So that while defendant stood on its claim that the dray tickets should be produced in support of the claim of lumber delivered, there was no testimony to show that the lumber charged for had not been delivered at the place at which the rink was being erected. Various letters, correspondence between the parties, and carbon copies, duplicates of account, were offered and introduced in evidence and admitted over the objection and exception of the defendant, as not the best evidence and as not binding on defendant.

At the conclusion of the trial the court gave an instruction to the jury to the effect that if they found from the evidence that it was the mutual understanding between plaintiff and defendant, that defendant purchased and agreed to pay for the flooring which is in question in the case and that the defendant had not paid to the plaintiff all the purchase price and that the plaintiff had delivered the flooring upon the faith of defendant's promise to pay therefor, if he did so promise, then the jury should return a verdict for the plaintiff in such sum as they should find remains due and unpaid, if any, not exceeding the sum of $259.83. At the conclusion of the plaintiff's case in chief and of the testimony

in the case, defendant offered instructions in the nature
of a demurrer to the evidence which were refused, de-
fendant duly saving exception. There were three in-
structions asked by the defendant which were refused
by the court. One was to the effect that if the jury
found from the evidence that the plaintiff sold the bill
of goods to one W. H. Ashton or to Ashton acting for
the Palace Amusement Company and that in the conver-
sations with Ashton, plaintiff's agent was informed of
an intent to form a corporation and it was agreed be-
tween said agent and W. H. Ashton that the lumber
was to be sold to the Palace Amusement Company, then
plaintiff cannot recover. The second instruction asked
and refused was to the effect that unless the jury be-
lieved and found from the evidence that defendant con-
tracted and agreed to pay for the goods sued for herein
prior to the delivery of any part of the same, then plain-
tiff cannot recover and your verdict will be for the de-
fendant. The third instruction asked was to the effect
that the alleged conversation between defendant and
the agent of plaintiff over the telephone did not consti-
tute a contract for the purchase of the goods sued for.
These were all refused and exceptions saved. The de-
fendant further asked an instruction (No. 4), to the ef-
fect that before the plaintiff could recover it must show
by a preponderance of the testimony that "a binding
contract was made herein with defendant for the pur-
chase of the lumber sued for," and unless the jury found
that plaintiff has established said contract by a pre-
ponderance or greater weight of evidence, the verdict
in the case will be for defendant. The court refused to
give this instruction as asked, making the instruction
read, after telling the jury that before plaintiff could
recover it must show by a preponderance of the testimo-
ny that "it was mutually agreed between plaintiff and
defendant that if plaintiff would sell and deliver the lum-
ber here sued for, that defendant would pay for the
same, and that plaintiff delivered said lumber to de-

fendant upon the faith of such promise," and substituted for the words "said contract," the words, "such contract." The words in quotation last above being substituted for the words first quoted in this instruction No. 4. Defendant excepted to the alteration of the instruction and to the giving of it as altered.

There was a verdict in favor of plaintiff for the amount sued for and after interposing a motion for new trial, which was overruled and exceptions saved, defendant has duly perfected an appeal to this court.

The errors assigned are to the overruling of the defendant's demurrers to the evidence, the admission of improper evidence on part of plaintiff, the giving of improper instructions, the refusal of the instructions asked and the modification of the instruction asked and the overruling of the motion for new trial.

We do not think there was any error in the refusal of the instructions or in the modification of instruction No. 4. The first and second instructions were incorrect. The first instruction asked and refused was particularly objectionable in that it left out of consideration the real issue, that is to say, that independent of any arrangement between the plaintiff and Ashton, as agent of the Palace Amusement Company, it omitted all possible assumption of liability and promise to pay it before delivery of any of the goods on the part of defendant. *Non constat* that because plaintiff may have looked to the Amusément Company to pay, it had released defendant. The second instruction was properly refused because it stated an incorrect proposition of law in that it rendered it necessary for the recovery of plaintiff as against this defendant, that defendant had not agreed to pay for the lumber or goods sued for prior to delivery of any part of them. That was not correct. It might have been true that part of the lumber had been delivered before defendant promised, if the defendant promised to pay before the delivery of the balance, he certainly was liable for that part there-

Flooring Co. v. Knost.

after delivered. This feature was not covered by this instruction. The third instruction is to the effect that the conversation over the telephone did not constitute a valid contract. If by this is meant that a contract cannot be made by telephone conversation, it is too late to so argue. A large part of our business transactions are, in this century, carried on by telephone. Our courts have long ago held that contracts made by telephone are as effective and binding in law as if made verbally between parties standing face to face and carrying on the conversation which culminates in the contract. No question is made as to the identity of the parties conversing. If this conversation was as testified to by plaintiff's agent, it made a valid contract between the parties. The alteration that the court made in the fourth instruction was entirely correct. As asked, that instruction gave the jury no guide as to what would constitute "a binding contract." As changed by the court, the jury were properly directed as to what would constitute a binding contract. It was the province of the court to instruct the jury as to what facts they should find in arriving at the question of what would constitute a contract. To tell them they must find "a binding contract," without defining what constituted a binding contract would be error. The demurrer to the evidence as a whole was correctly overruled.

While the evidence was conflicting, it was positive on the part of the plaintiff to the effect that the material had been delivered to the Palace Amusement Company on the express personal promise of the defendant to pay for it individually. There was positive testimony that the material had all been delivered, so that the fact of delivery was in evidence before the jury, independent of the production of dray tickets. It was then for the jury to determine, under proper instructions, on the credibility of the witnesses and the facts in evidence, and the weight to be given to the testimony,

the ultimate facts.   We see no error in the admission of testimony or on the whole record, and the judgment of the circuit court is affirmed.   All concur.

